UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY M. LYKOPOULUS,

    Plaintiff,

v.                             Case No. 8:18-cv-2085-T-33SPF

GV ENGLEWOOD, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 20), filed on December 18, 2018. The Court grants the Motion.

**I.   Background**

Plaintiff Wendy Lykopoulus filed this Fair Labor Standards Act (FLSA) and breach of contract case against her former employer on August 21, 2018. (Doc. # 1). On September 26, 2018, the Court issued its FLSA Scheduling Order. (Doc. # 6). Defendant GV Englewood, LLC filed its Answer on October 19, 2018. (Doc. # 9). On December 4, 2018, the parties filed a notice of settlement. (Doc. # 16). The Court then directed the parties to file a motion seeking Court approval of the settlement agreement by December 11, 2018. (Doc. # 17).

1

However, the parties failed to file the motion by the deadline. Therefore, the Court again directed the parties to file the motion, this time by December 14, 2018. (Doc. # 18). Nonetheless, the parties again failed to file any motions by the deadline. Accordingly, on December 17, 2018, the Court directed the parties to show cause why sanctions should not be imposed for their failure to comply with the Court's orders. (Doc. # 19). In response, on December 18, 2018, the parties have now filed the instant Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice. (Doc. # 20).

**II. Analysis**

Lykopoulus alleges that GV Englewood violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Lykopoulus will receive $2,350.00 total for unpaid wages and liquidated damages. (Doc. # 20 at 2). It has also been agreed that counsel for Lykopoulus will receive $2,050.00 in attorney's fees and costs. (Doc. # 20-1 at 2). Finally, it is agreed that GV Englewood will pay the mediation's cancellation cost. (Id.). In the Motion, the

parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Lykopoulus for alleged FLSA violations. (Doc. # 20 at 2, 4).

There are several factors that a court should consider when determining whether to approve a settlement agreement in an FLSA action, which are as follows:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court, having considered the factors set out in Bonetti, 715 F. Supp. 2d at 1228, and other governing law, approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Additionally, the Court takes this opportunity to remind counsel for the parties that compliance with orders is expected. Indeed, the Middle District of Florida demands that "attorneys and litigants . . . conduct themselves . . . in a spirit of cooperation in order to reduce unnecessary cost and delay." M.D. Fla. L. R. 2.04(h). The parties failed to comply with two separate orders. Further, the parties failed to even mention their noncompliance or the imposition of sanctions in the instant Motion. Nonetheless, to reduce any further cost and delay, the Court has elected to move forward.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 20) is **GRANTED**.
(2) The parties' settlement is **APPROVED**.
(3) This case is **DISMISSED WITH PREJUDICE.**
(4) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of December, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4